# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIMITRI ZAIMES,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY CAMMERINO, TODD KLIKUS, RICHARD KROTCHA, FRED GELDERMAN, BRIAN STUART, RICHARD TUSSEL, R. ANTHONY WALDRON, III, and LACKAWAXEN TOWNSHIP,<br><br>    Defendants. | CIVIL ACTION NO. 3:09-CV-1964<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court are Defendant Anthony Waldron's Motion to Dismiss (Doc. 4) and the remaining Defendants' Motion to Dismiss (Doc. 3). These motions will be granted in part and denied in part as discussed below. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 (federal question).

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

Plaintiff Dimitri Zaimes ("Zaimes") is the owner of an improved property known as "Two River Junction" located in Lackawaxen Township, Pennsylvania ("Two River Junction"). (Compl. ¶ 1, Doc. 1.) Defendant Lackawaxen Township is a municipal corporation organized under the laws of Pennsylvania. (Compl. ¶ 9.) Defendants Jeffrey Cammerino ("Cammerino"), Todd Klikus, and Richard Tussell were at all relevant times employed as township building inspectors or zoning officers. (Compl. ¶¶ 2, 3, 7.) Defendants Richard

Krotcha, Fred Gelderman, and Brian Stuart were at all relevant times township supervisors. (Compl. ¶¶ 4-6.) Defendant Anthony Waldron, III, ("Waldron") was at all relevant times the township solicitor. (Compl. ¶ 8.)

On June 2, 2006, Two River Junction was destroyed by fire. (Compl. ¶ 12.) Shortly thereafter, Two River Junction suffered foundation damage as a result of flooding. (Compl. ¶ 12.) Before the destruction, Two River Junction was a one floor building used as a retail establishment with a restaurant, deli, and sporting good store. (Compl. ¶ 13.) The basement also provided living quarters. (Compl. ¶ 13.) In September 2006, Zaimes filed for a conditional use permit to restore Two River Junction to its traditional uses, except that Zaimes planned to replace the basement with a slab and to add a second floor with living quarters and office space. (Compl. ¶ 14.) The permit was granted in November 2006 stating "the second floor shall be used for residential and storage use only, personal office." (Compl. ¶ 14-15.) After receiving the permit, Zaimes began construction on the property under the supervision of Lackawaxen Township building inspector Lee Hummel. (Compl. ¶ 17.) At all relevant times, Zaimes's plans and construction were found to comply fully with township requirements. (Compl. ¶ 18.) In the spring of 2007, Zaimes needed to make plans for his father's care, which included creating a separate living space for him and an additional room for full-time, live-in care giver on the second floor of Two River Junction. (Compl. ¶ 19.) Zaimes specifically reviewed the construction of this additional space with Lee Hummel. (Compl. ¶ 21.) Anticipating a time when his father would no longer need the additional space, Zaimes submitted a conditional use application on June 19, 2007, to operate a bed and breakfast on the second floor of Two River Junction. (Compl. ¶ 22.) This application was denied. (Compl. ¶ 22.)

2

On October 9, 2007, Waldron and Cammerino contacted Zaimes by letter alleging that he was in violation of Section 702.1 of the Lackawaxen Zoning Ordinance for constructing partitions on the second floor for use as a bed and breakfast. (Compl. ¶ 23.) At that time, "defendants" knew that Zaimes had no intention of running a bed and breakfast and the claim of a zoning violation was without merit. (Compl. ¶ 23-24.) This letter, serving as notice of the zoning violation, demanded that Zaimes remove the partitions and other improvements, such as plumbing and electric, within thirty (30) days. (Compl. ¶ 24.) On November 15, 2007, Waldron and Tussel issued a Stop Work Order Notice to Zaimes for allegedly undertaking construction of a bed and breakfast. (Compl. ¶ 25.)

Zaimes appealed the notice to the Lackawaxen Zoning Hearing Board and a hearing was scheduled December 13, 2007. (Compl. ¶ 26.) "Anticipating that the zoning hearing board would sustain plaintiff's appeal . . . defendants took steps to stall and avoid the hearing on plaintiff's appeals by engaging in bad faith negotiations with plaintiff's counsel." (Compl. ¶ 28.) As a result of those negotiations, Zaimes believed that an agreement had been reached concerning the notices of October 9 and November 15. (Compl. ¶ 29.) By a letter dated February 15, 2008, the Defendants expressly reneged on the agreement. (Compl. ¶ 32.) In addition, they alleged new violations that had not been previously raised. (Compl. ¶ 32.) On February 21, 2008, Waldron filed an action for injunctive relief to stop construction pending the outcome of Zaimes's appeals. (Compl. ¶ 33.) On March 18, 2008, prior to the scheduled hearing for the preliminary injunction, Defendants agreed to lift the stop work orders but continued to threaten Zaimes by making frivolous objections to the construction. (Compl. ¶ 34.) At all relevant times, Defendants were aware that their dilatory and bad faith conduct impaired Zaimes's ability to complete the construction and drove him

3

to the brink of bankruptcy. (Compl. ¶ 31.) Defendants' actions were the result of deliberate decisions with the intent to injure Zaimes and deny him the use and enjoyment of his property. (Compl. ¶ 42.)

Zaimes filed a complaint in the United States District Court for the Middle District of Pennsylvania on October 9, 2009. (Doc. 1.) All Defendants, except for Waldron, filed a motion to dismiss on February 2, 2010. (Doc. 3.) Defendant Waldron filed a separate motion to dismiss the following day. (Doc. 4.) All parties have submitted the required briefs, and the motion is now ripe for disposition.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may

---

[1] The Court notes that Plaintiff's brief in opposition to Defendants' motions (Doc. 10) violates Local Rule 7.8 by responding to both motions to dismiss in one brief. Plaintiff's counsel is admonished to comply with the Local Rules. In the interests of judicial economy, the Court will consider the combined brief in opposition, but will strictly enforce Local Rule 7.8 going forward.

4

be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's

complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I. Federal Causes of Action**

Zaimes's Complaint contains two counts. At Count I, Zaimes alleges a cause of action under 42 U.S.C. § 1983 for violations of his federal constitutional rights against all individual defendants. At Count II, Zaimes alleges the same theory against Lackawaxen Township. Section 1983 provides redress for individuals whose constitutional rights are violated by governmental actors.[2] "To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir.1997). Zaimes alleges that each of the Defendants acted as an agent of Lackawaxen Township, a governmental entity, therefore, he has sufficiently alleged the second prong's "under color of state law" requirement. As to the deprivation of federal rights, Zaimes alleges violations of his rights under the Fourth Amendment, the Fifth Amendment, the Substantive Due Process Clause of the Fourteenth Amendment, and a civil conspiracy amongst the individual defendants to violate those rights.[3]

---

[2] 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[3] Zaimes's brief in opposition also mentions in a footnote that the allegations might be sufficient to state an equal protection "class of one" claim. (Pl. Br. in Opp'n 14-15 n. 6.)

A. Fourth Amendment

Zaimes alleges that the Defendants violated his Fourth Amendment rights, but fails to articulate that he or his property were searched or seized. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. The Fourth Amendment, applied to the States through the Fourteenth Amendment, applies to state government officials in various capacities. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987). Zaimes's complaint fails to allege that any of the Defendants searched his person or entered his property, defeating any claim for an unconstitutional search. Similarly, Zaimes's complaint fails to allege that any of the Defendants seized him personally, or that any of them seized any of his property. Because Zaimes fails to state any search or seizure under the Fourth Amendment, Defendants' motions to dismiss this claim will be granted.

B. Fifth Amendment

The ripeness doctrine seeks to prevent courts from adjudicating cases prematurely and thus entangling themselves in abstract disagreements. *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967) (overruled on other grounds). It is well settled that challenges to a Fifth Amendment Just Compensation Takings claim against a municipality are not ripe until the plaintiff has met a two-step inquiry. First, plaintiff must allow the local land use authorities to make a "final" decision on the nature and extent of the restrictions on the plaintiff's use of the property. *See Williamson Planning Comm. v. Hamilton Bank*, 473 U.S. 172, 186-94

---

Because such a claim is not alleged in the complaint, I need not address it further here.

7

(1985). Second, the plaintiff must have unsuccessfully exhausted state procedures for "just compensation," so long as the state procedures provided are adequate. *Williamson*, 473 U.S. at 195 ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.").

For a Zaimes's claim to be ripe for district court review, the plaintiff must allow the local land use authorities to make a "final" decision on the nature and extent of the restrictions on the plaintiff's use of the property. *Williamson*, 473 U.S. at 186-94. "Until a property owner has 'obtained a final decision regarding the application of the zoning ordinance . . . to its property,' 'it is impossible to tell whether the land retain[s] any reasonable beneficial use or whether [existing] expectation interests ha[ve] been destroyed.'" *MacDonald, Sommer,& Frates v. Yolo County*, 477 U.S. 340, 349 (1986), *rehearing denied*, 478 U.S. 1035 (1986) (quoting *Williamson*, 473 U.S. at 186, 192 n. 11). Zaimes does not allege that a final determination has been made as to the application of the zoning regulations on his property, nor does he allege that he has unsuccessfully sought compensation using Pennsylvania's statutory mechanism for receiving just compensation. *See* 26 PA. CONS. STAT. § 102 (2009). Zaimes's Fifth Amendment Takings Clause claim will be dismissed for lack of ripeness.

C.  Fourteenth Amendment - Substantive Due Process

Zaimes alleges that the Defendants violated his substantive due process rights by intentionally acting to deprive him of the ability to repair and re-open his business at Two River Junction. The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." To prevail on a

8

claim that a municipality's land use ordinance violates substantive due process, a party must establish (1) a protected property interest, *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir.1993), and (2) government conduct that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003). Defendants do not argue that Zaimes does not have a protected property interest in his ownership of Two River Junction. I find that Zaimes sufficiently alleges a protected property interest, shifting the focus to the second requirement.

The Court of Appeals for the Third Circuit has held that a land use regulation violates substantive due process only if it "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 394 (3d Cir. 2003) (*citing County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). *United Artists* overruled *Bello v. Walker*, 840 F.2d 1124 (3d Cir.1988) and its progeny, which held that a land use regulation violated substantive due process if it was "arbitrary, irrational, or tainted by improper motive." *Id.* at 1129. The "shocks the conscience" standard, which encompasses "only the most egregious official conduct," is much more demanding than the former *Bello* standard. *United Artists*, 316 F.3d at 400.

Defendants argue that Zaimes's allegations fail to allege conduct which satisfies the "shocks the conscience" standard. I disagree. Zaimes alleges that the Defendants knowingly and intentionally delayed Zaimes's construction for the purpose of driving him into bankruptcy. (Compl. ¶¶ 31, 42.) Zaimes further alleges that they engaged in bad faith practices, such as backing out of agreements to delay Zaimes's ability to seek review of the determinations and making frivolous objections to the construction. (Compl. ¶¶ 32, 34.) These allegations go beyond mere application of harsh or intentional zoning regulations, to

9

conduct which would "shock the conscience." Defendants also argue that Zaimes fails to state a claim against some of the Defendants because they are not identified specifically by name after the introductory paragraphs. Zaimes's complaint, however, effectively puts the Defendants on notice that they are *all alleged* to have caused this constitutional violation by identifying them generally as "the defendants," satisfying the pleading requirements. Defendants' argument that Zaimes's allegations fail to have a sufficient factual basis also ignores the language of the complaint. More than mere conclusory allegations, Zaimes alleges concrete examples: backing out of settlement agreements made in bad faith; using dilatory tactics to evade review of their determinations; and making frivolous objections. Because Zaimes's allegations sufficiently state a claim under the Substantive Due Process Clause, Defendants' motions to dismiss this claim will be denied.

D. Conspiracy under Section 1983 (Count III)

To prevail on a Section 1983 conspiracy claim, Plaintiff must allege that Defendants, acting under color of state law, conspired to deprive him of a federally protected right. *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d. Cir. 1999). Plaintiff must set forth "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning Org. Inc.*, 800 F.Supp. 1244, 1249 (E.D.Pa.1992). To succeed on this claim, Plaintiff must allege both a civil rights violation and a conspiracy involving state action. *Holt Cargo Sys. Inc. v. Delaware River Port Auth.*, 20 F. Supp.2d 803, 843 (E.D. Pa. 1998). Zaimes alleges both a civil rights violation (*see supra* Part I.C.) and a conspiracy amongst the Defendants (Compl. ¶ 36.) Defendants' motions to dismiss this claim will be denied.

E. Municipal Liability

Under § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Instead, liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. There are three (3) instances when the constitutional tort of a municipal employee satisfies the requirements of *Monell* liability. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). One of these is that a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). In the present case, Zaimes alleges intentional conduct by municipal final policy-makers, the township supervisors. (*See supra* Part I.C.) This standing alone is sufficient to state a claim against Lackawaxen Township. Defendants' motion to dismiss this claim will be denied.

## II. Damages

A. Pain and Suffering Damages

Defendants argue that pain and suffering damages have not been sufficiently articulated in Zaimes's complaint. A plaintiff need not, however, articulate every wound in their pleadings. The question is whether the Defendants are put on notice the theory of liability, the theory of causation, and the type of relief sought. FED. R. CIV. P. 8(a). The extent of injury, if any, may be explored through discovery. Zaimes alleges violations of his

11

federal constitutional rights, and that as a result he suffered physical and emotional harm. These allegations are sufficient at this stage of the proceedings.[4] Defendants' motions to dismiss pain and suffering damages will be denied.

    B. Punitive Damages Against Lackawaxen Township

Defendants final argument is that Lackawaxen Township may not be held liable for punitive damages under § 1983. Defendants are correct, punitive damages are not available against municipalities in § 1983 claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Defendants' motion to dismiss claims for punitive damages against Lackawaxen Township will be granted.

## CONCLUSION

For the reasons stated above, Defendants' motions will be granted in part and denied in part. Specifically, Zaimes's claims under the Fourth Amendment will be dismissed for failure to state a claim. Zaimes's claims under the Fifth Amendment will be dismissed for lack of ripeness. Zaimes's claims for punitive damage against Lackawaxen Township will also be dismissed. As to Zaimes's remaining claims, Defendants' motions will be denied.

An appropriate Order follows.

| April 1, 2010 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

---

    [4] Defendants erroneously argue that § 1983 requires a heightened pleading standard. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2006) (rejecting heightened pleading requirements in civil rights cases alleging municipal liability).

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIMITRI ZAIMES, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1964 |
| v. | |
| JEFFREY CAMMERINO, TODD KLIKUS, RICHARD KROTCHA, FRED GELDERMAN, BRIAN STUART, RICHARD TUSSEL, R. ANTHONY WALDRON, III, and LACKAWAXEN TOWNSHIP, | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this 1st day of April, 2010, **IT IS HEREBY ORDERED** that Defendants Jeffrey Cammerino, Todd Klikus, Richard Krotcha, Fred Gelderman, Brian Stuart, Richard Tussel, and Lackawaxen Township's Motion to Dismiss (Doc. 3) and Defendant Waldron's Motion to Dismiss (Doc. 4) will be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Plaintiff Dimitri Zaimes's claims under the Fourth Amendment are **DISMISSED** for failure to state a claim.

(2) Plaintiff's claims under the Fifth Amendment are **DISMISSED** due to lack of ripeness.

(3) Plaintiff's claims for punitive damages against Lackawaxen Township are **DISMISSED**.

(4) As to the remaining claims, Defendants' motions are **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge